## PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Eastern** |
|---|---|
| Name (under which you were convicted):<br>**John Suitt** | Docket or Case No: **16 - 3887**<br>**SECT. S MAG. 3** |
| Place of Confinement:<br>**Rayburn Correctional Center**<br>**27268 Hwy. 21 North**<br>**Angie, Louisiana 70426-3030** | Prisoner No:<br><br>**425228** |

| Petitioner (include the name under which you were convicted); Respondent, **John Suitt** (authorize person having custody of **W. S. McCain, Warden** **Rayburn Correctional Center** **Angie, Louisiana 70426-3030** |
|---|
| The Attorney General of the State of Louisiana |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    **22ND Judicial District Court**
    **Justice Square, 701 N. Columbia St.**
    **Covington, La. 70434**

    TENDERED FOR FILING

    APR 28 2016

    U.S. DISTRICT COURT
    Eastern District of Louisiana
    Deputy Clerk

    (b) Criminal docket or case number (if you know):
    **290866 & 290867**

2.  (a) Date of the judgment of conviction (if you know):     (b) Date of sentencing:
    **March 22, 2000**                                        **March 22, 2000**

3.  Length of sentence: the **22ND Judicial District Court; Section "G'**
    **LSA-R.S. 14:42.1; 40 years at hard labor, LSA-R.S. 14:43.3 20 years at hard**
    **labor**
    **to run concurrent with the 14:42.1 with credit of 2years time served.**

4.  In this case, were you convicted on more than one count or of more than one crime?
    ☑ **Yes**   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    **LSA-R.S. 14:42.1; Forcible Rape 1 count, LSA-R.S. 14:43.3 Aggravated Oral**
    **Sexual Battery 1 count.**

    __ Fee _____
    __ Process _____
    X  Dktd _____
    __ CtRmDep _____
    __ Doc. No. _____

1

6.   (a) What was your plea? (Check one)

        ❑ (1)   Not guilty        ❑ (3)   Nolo contendere (no contest)

        ☑ **(2)   Guilty**        ❑ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,   what did  you plead guilty to and what did you plead not guilty to?

    **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

      ❑ Jury      ❑ Judge only      ☑ **N/A**

7.   Did you testify at a pretrial hearing, trial or a post-trial hearing?

      ❑ Yes      ☑ **No**

8.   Did y appeal from the judgment of conviction?

      ❑ Yes      ☑ **No**

9. If you did appeal, answer the following:

a. Name of court:   **N/A**

b. Docket or case number (if you know):

c. Result: **N/A**

d. Date of result (if known): **N/A**

e. Citation to the case (if you know): **N/A**

f. Grounds raised: **N/A**

(g) Did you seek further review by a high state court?   ☑  Yes        ☐  No

    If yes, answer the following:

    (1) Name of court:
       **FIRST CIRCUIT COURT OF APPEAL
       STATE OF LOUISIANA**

    (2) Docket or case number (if you know): **2014-KW-0833**

    (3) Result: **DENIED**

    (4) Date of result (if known): **August 12, 2014**

    (5) Citation to the case (if you know): **State ex rel John Suitt v. State of Louisiana**

    (6) Grounds raised:  Constitutionally infirm Guilty Plea
    **The State failed to uphold the plea agreement made with the Petitioner, i.e.
    Specific Performance**

    (7) Did you seek further review by a higher state court?
       **Yes**

    If yes, Name of Court:
    **SUPREME COURT OF THE STATE OF LOUISIANA**

    Docket or Case number, if known; **2014 – KH – 1948**

    Result: **Denied**

    Citation of case if known: **State ex rel John Suitt v. State of Louisiana**

    Grounds raised:
    **The State failed to uphold the plea agreement made with the Petitioner,
    i.e. Specific Performance of Parole Eligibility**

(h) Did you file a petition for certiorari in the United States Supreme Court?
    ☐  Yes          **[X]**  No

    If yes, answer the following: **N/A**

    (1) Docket or case number (if you know): **N/A**

    (2) Result: **N/A**

(3) Date of result (if you know): **N/A**

(4) Citation to the case (if you know): **N/A**

10.  Other than the direct appeals listed above, have you previously filed any petitions, applications, or motion concerning this judgment of conviction in any state court? ☑ **Yes**        ☐  No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1)   Name of Court: **22ND Judicial District Court**

(2)   Docket or case number (if you know)**:290866/290867**

(3)  Date of filing (if you know): **April 14, 2014**

(4) Nature of the proceeding: **Motion to Enforce Guilty Plea**

(5) Grounds raised:  **The Guilty Plea offered by the State, was not**

**upheld as promised.**

 (6)   Did you receive an evidentiary hearing on your petition, application or motion?

☐  Yes        ☑  **No**

(7)  Result: **Denied**

(8)  Date of result (if you know):**23 April 2014**

(b)   If you filed any second petition, application or motion give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know)**: N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes        ❑ No    ☑ **N/A**

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(c) If you filed any third petition, application, or motion, given the same information:

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding:

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes        ❑ No    ☑ **N/A**

(7) Result:  **N/A**

(8) Date of result (if you know):  **N/A**

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition:        ☑ **Yes**    ❑ No

(2) Second petition:  ❑ Yes        ❑ No  ☑ **N/A**

(3) Third petition:     ❑ Yes        ❑ No  ☑ **N/A**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

> Caution: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

1.   **GROUND ONE: THE 22ND JUDICIAL DISTRICT COURT; PARISH OF ST. TAMMANY; STATE OF LOUISIANA; ERRED IN PROMISING AN IMPOSITION OF PAROLE ELIGIBILITY UNDER LSA R.S. 15:574.4 A(3) FOR THE EXCHANGE OF A PLEA BY THE PETITIONER AND DENYING THE MOTION TO ENFORCE WITHOUT RULING ON THE MERITS OF THE ISSUE PRESENTED FOR REVIEW.**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**See attached Memorandum In Support of Habeas Corpus.**

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)

   (1) If you appealed form the judgment of conviction, did you raise this issue?
   ❑ Yes    ❑ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(c)  Post-Conviction Proceedings:

> (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
>
> > [ ]  Yes          ❑  No
>
> (2) If your answer to Question (d)(1) is "Yes," state:
>
> Type of motion or petition:
> **Motion to Enforce and/or Set Aside Guilty Plea**
>
> Name and location of the court where the motion or petition was filed:
> **22ⁿᵈ Judicial District Court**
> **Covington, Louisiana**
> Docket or case number (if you know): **290866/290867**
>
> Date of the court's decision:
> **April 23, 2014**
>
> Result (attach a copy of the court's opinion or order, if available):
> **Denied**
>
> (3) Did you receive a hearing on your motion or petition?   ❑ Yes  ☑ **No**
>
> (4) Did you appeal from the denial of your motion or petition?
> ☑ **Yes**  ❑  No
>
> (5) If your answer to Question (d)(4) is "Yes,"
> did you raise this issue on appeal?
> ☑ **Yes**  ❑  No
>
> (6) If your answer to Question (d)(4) is "Yes," state:
> Name and location of the court where the appeal was filed:
> **First Circuit Court of Appeal**
> **Baton Rouge, La.**
>
> Docket or case number (if you know): Date of the court's decision:
> **2014 – KW – 0833**
>
> Result (attach a copy of the court's opinion or order, if available):
> **Denied**
>
> (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

(d) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:  **Supreme Court**
**State of Louisiana**
**400 Royal Street**
**New Orleans, LA. 70130**

Docket Number: **2014 – KH – 1948,**

Result (attach a copy of the court's opinion or order, if available): **Denied, 06/01/2015**

13.   Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have presented in this petition been presented to the highest state court having jurisdiction?   ☑ **Yes**  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **N/A**

(b) Is there any ground in this petition that has not been presented in some state or federal court?  If so, Ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?       ☐Yes  **No** ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.

**N/A**

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?          ❑ Yes          No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

   raised.

16.       Give the name and address, if known, of each attorney who represented you in the following stages of the

      judgment you are challenging:

   (a)   At preliminary hearing:


   (b)   At arraignment and plea:
   (c)   At trail:
            (d)   At sentencing:
            (e)   On appeal:     **N/A**


   (f)   In any post-conviction proceeding: **N/A**


   (g)   On appeal from any adverse ruling in a post-conviction proceeding: **N/A**



17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are challenging?          ❑   Yes
            ☑   **No**

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

   (b) Give the date the other sentence was imposed: **N/A**
   (c) Give the length of the other sentence: **N/A**
   (d)   Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the                    future?     ❑   Yes          ❑
No     ☑   **N/A**

18.   **TIMELINESS OF PETITION**:  If your judgment of conviction became final over one year ago, you must explain

9

The one-year statue of limitation as contained in 28 U.S.C. § 2244(d) does not bar your petition.∗

──────────────────────────────

∗The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in

28 U.S.C. § 2255(d) provides in part that:

   (1) A one-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of-

   (A) The date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

   (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

   (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: or any other relief to which petitioner may be entitled.

                                        ──────────────────────────
                                        Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system of _4/19/2016_ (month, date, year)

Executed (signed) on _4/18/2016_ (date)

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHN SUITT**                                    CASE NO.: **16 - 3887**

**VERSUS**                                        MAGISTRATE: **SECT. S MAG. 3**

**W. S. McCAIN, Warden**                          JUDGE: _____
**Rayburn Correctional Center**

### MEMORANDUM IN SUPPORT OF HABEAS CORPUS Title 28 USC 2254

**NOW INTO COURT** comes, John Suitt, Petitioner (hereinafter), and respectfully provides to this Honorable Court this Memorandum in Support of his 28 USC 2254 filed herein and provides as follows to – wit;

### STATEMENT OF CASE

Petitioner was charged by State in and for the Parish of St. Tammany, 22nd Judicial District Court by a true Bill of Indictment for Aggravated Rape and Aggravated Oral Sexual Battery, a violation of **LSA- R.S. 14:42 & LSA- R.S. 14:43.3** (Repealed) **[See Appendix "A"- Bill of Indictment]**

After Appellant's arraignment, **a plea of not guilty** and format proceedings, Appellant appeared before the Trial Court, on March 22, 2000, to withdraw his former plea of **not guilty** in exchange for a **plea of guilty.** Appellant was subsequently sentenced to 40 years at hard labor for the **amended** charge of Forcible Rape *LSA R.S. 14:42.*1 and 20 years at hard labor for the charge of Aggravated Oral Sexual Battery *LSA R.S. 14:43.3 (Repealed)* in exchange for the agreement of parole eligibility under *LSA R.S. 15:574.4 A (3)* which was discussed and made part of the plea agreement between the State and the Appellant. **[See Appendix "B"- Letter of clarification from the indigent defender]**

TENDERED FOR FILING

APR 28 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## **STATEMENT OF FACTS**

Petitioner entered into a plea agreement with the State in and for Parish of St. Tammany Parish that is the Appellant would enter a plea to the amended charge(s) he would become parole eligible under *LSA R.S. 15:574.4 A(3)*.

(2000) Date of Conviction – *La. R.S. 15:574.4 A (3)* read as follows:

…. For a term of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody upon reaching the age of forty-five…. **[See Appendix "B"- Letter of clarification from the indigent defender]**

The Appellant entered into the Louisiana Department of Corrections with the understanding he would become eligible for Parole after serving twenty years of his sentence and over forty-five years of age. The Louisiana Department of Corrections, specifically Rayburn Correctional center has currently denied the Appellant the eligibility for Parole under *La. R.S. 15:574.4 A (3*) as he agreed upon with the State, and by the advice of his counsel.

The Trial Court erred in promising the Appellant and agreement that could not be fulfilled and the Trial Court was without the authority to accept the agreement on the terms agreed to pertaining to the promise of parole eligibility as a condition of a plea agreement. Had the Petitioner known all of the facts that his counsel should have informed him of, the Petitioner would not have agreed to plead guilty to a virtual life sentence of Forty years at the age of fifty. The likelihood of ever being with his family again would certainly be unlikely, the Petitioner says, beyond any doubt **NO**, the Petitioner would **not have plead guilty**, nor would he have changed his plea from not guilty to a plea of guilty, and in furtherance, Petitioner certainly would have taken his chances at trial! [emphasis added]

## CLAIMS FOR RELIEF

1. 22ND JUDICIAL DISTRICT COURT ERRED IN PROMISING AN IMPOSITION OF PAROLE ELEGIBILTY UNDER  LSA-R.S. 15:574 . 4 A (3) FOR THE EXCHANGE OF A  PLEA  BY  THE  PETITIONER  AND  DENYING  THE  MOTION  TO  ENFORCE WITHOUT RULING ON THE MERITS OF THE ISSUE PRESENTED FOR REVIEW.

## LAW AND ARGUMENT

**CLAIM #1**

**22ND JUDICIAL DISTRICT COURT ERRED IN PROMISING AN IMPOSITION OF PAROLE ELEGIBILTY UNDER LSA-R.S. 15:574 . 4 A (3) FOR THE EXCHANGE OF A PLEA BY THE PETITIONER AND DENYING THE MOTION TO ENFORCE WITHOUT RULING ON THE MERITS OF THE ISSUE PRESENTED FOR REVIEW.**

A plea of guilty **MUST BE** made knowingly and intelligently to pass muster*. **_Boykin v. Alabama_**[1]*. Because such a plea amounts to admission of all the elements of the crime, it cannot be truly voluntary unless the Petitioner possesses an understanding of the law in relation to the facts. Moreover, the Louisiana Supreme Court clarifies that; While an understanding of the triad of rights may be the sine qua non for acceptance of a guilty plea. It is also true that other factors may have a bearing on the validity of the plea … **(citation omitted)** also see **_Santobello v. New York_**[2] "However, all of these considerations presuppose fairness in securing an agreement between an accused and prosecutor. It is now clear, for example, that the accused pleading guilty must be counseled, absent a waiver. **_Moore v. Michigan_**[3], Fed. Rule Crim. Proc. 11, governing pleas in federal courts, now makes clear that the sentencing judge must develop, on the record, the factual basis for the plea, for example, by having the accused describe the conduct that gave rise to the charge. The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must [404 U.S. 262] in some way be made known."

---

[1] Boykin vs. Alabama, 89 S.Ct. 1709, 395 U.S. 238 (U.S. Ala. 1969)
[2] Santobello vs. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d. 427 (U.S. N.Y. 1971)
[3] Moore vs. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed. 167 (1957)

**_Lynch v. Overholser_**[4], Fed. Rule Crim. Proc. 11. A court may reject a plea in exercise of sound judicial discretion.

Petitioner in the case sub judice learned that his plea bargain is impossible to fulfill. **PETITIONER WAS MISLED BY ALL PARTIES** of the 22nd Judicial District Court; Judge, Prosecutor and Defense Counsel. Appellant was led to believe that he would receive parole eligibility after serving twenty (20) years of the imposed sentence, better known as "Pops Law". Which reads:

> _La. R.S. 15:574.4 (2)_ Notwithstanding the provisions of Paragraph (1) of this Subsection or any other law to the contrary, unless eligible for parole at an earlier date, a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five.

Petitioner has served well over fourteen (14) years of said sentence and has been awarded 243 days of CTRP good time but is still not eligible for parole as promised by the Trial Court. The Courts have held that a Petitioner's due process is denied when the State fails to comply with the material representation or promise, which induced Petitioner's plea, therefore, rendering this plea constitutionally infirm.

Despite the fact that the plea is impossible to fulfill, the Court still allowed that Petitioner would receive parole eligibility benefits after serving twenty (20) years of his sentence and reaching the age of forty-five as a condition of him taking the plea.

The Louisiana Supreme Court generally refers to the Rules of Contract Law for application by analogy in determining conditional plea agreements. See **_State v. Louis_**[5]. Under

---

[4] Lynch vs. Overholser, 369 U.S. 705, 719 S.Ct. 1063, 1072, 8 L.Ed. 211 (1962)

the Civil Code, "An obligation cannot exist without a lawful cause." *__La. C.C. Art. 1966__*. Also, "The cause of an obligation is unlawful when enforcement of the obligation would produce a result prohibited by law or against public policy." *__La. C.C. Art. 1968__*.

The contract cannot exist under Article 1966, and is an absolute nullity and impossible to fulfill under *__La. C.C. Art. 2030__*, which provides, in pertinent part:

> … A contract is absolutely null when it violates a rule of public order, as when the object of the contract is illicit or immoral. A contract that is absolutely null may not be confirmed. Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.

It is well settled that a guilty plea is constitutionally infirm when a Petitioner is induced to enter that plea by a plea bargain and that bargain is not kept. The government must strictly adhere to the terms and conditions of its promises in a plea agreement. *__United States v. Munoz__*[6]. Whether the Government has breached a plea agreement is a question of law we review de novo, *__United States v. Saling__*,[7] The defendant has the burden of proving the underlying facts by a preponderance of the evidence. *__United States v. Gonzales__*[8]. If the Government breaches a plea agreement, the defendant may seek one of two remedies: specific performance, requiring resentencing before a different judge; or withdrawal of his guilty plea. See *__Santobello v. New York;__* also *__Gonzales__*. The defendant is entitled to relief even if the Governments breach did not ultimately influence the defendant's sentence. See *__Santobello,__*; *__Saling,__*; *__United States v. Valencia__*[9],; and *__United States v. Grandinetti__*[10],.

---

[5] State vs. Louis, 645 So. 2d, 1144 (La. 1994)
[6] United States vs. Munoz, 408 F.3d. 222, 226 (5th Cir. 2005)
[7] United States vs. Saling, 205 F.3d. 764, 766 (5th Cir. 2000)
[8] United States vs. Gonzales, 309 F.3d. 882, 886 (5th Cir. 2002)
[9] United States vs. Valencia, 985 F.2d. 758, 761 (5th Cir. 1993)
[10] United States vs. Grandinetti, 562 F.2d. 723, 726 (5th Cir. 1977)

The Government must strictly adhere to the terms and conditions of its promises in a plea agreement. The Court allows two alternatives to remedy a breached plea bargain. In this case, the Appellant seeks to have the plea set aside for further hearings, because the plea bargain cannot be enforced in the manner the Honorable Judge and the District Attorney intended for it to be, further, the plea agreement is not the binding agreement the Petitioner understood it to be. Therefore, Petitioner's plea cannot be characterized as knowingly and voluntary entered, and therefore should be enforced and/or set aside.

This plea bargain is rendered constitutionally infirm by the non-performance of and the impossibility to perform as agreed to by the Trial Court and the Appellant, as well as by virtue of how it was obtained.

The Louisiana Supreme Court has held that a Petitioner's failure to make a formal motion to withdraw a guilty plea does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or by means of post-conviction relief. ***State v. Dixon***[11],. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin colloquy was inadequate, or when a Petitioner is **induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.** ***State v. Lewis***[12],; see also ***Boddye v. LA. Dept. of Corrections***[13], "[f]ailure to carry out the sentence in a plea agreement renders that bargain null and void, and provides lawful grounds for vacation of the plea itself. It is well settled in Louisiana Jurisprudence that a guilty plea is constitutionally infirm when a defendant is induced to enter a plea by a plea bargain or what he justifiably

---

[11] State vs. Dixon, 449 So.2d. 463, 464 (LA. 1984)
[12] State vs. Lewis, 421 So.2d. 224, 226 (LA. 1982)
[13] Boddye vs. LA. Dept. of Corrections, 2015 WL 3929952, 2014 – 1836 (LA. App. 1st Cir. 2015)

believes was a plea bargain is not kept. In such a case, a defendant has been denied due process of law because the plea was not given freely and knowingly." citing also ***Blair v. Stalder[14]***

Petitioner is not an attorney, and the record clearly reflects that his understanding was affected by the Trial Court promising him parole eligibility **[See Sentencing Minute Entries Appendix "C"].** It is obvious that the Petitioner accepted this plea bargain because he was assured by all parties, including the Honorable Court Judge, that he would become eligible for Parole after serving twenty (20) years of the imposed sentence, it is now going on fifteen (15) years and the promise still has not been fulfilled.

Petitioner has learned that he cannot receive what he was promised by his defense counsel and the Trial Court, and that the Trial Court did not have the authority to authorize "parole eligibility" in the first place. See ***State v. Mitchell[15]***,. The statute governing such Parole Eligibility, ***La. R.S. 15:574.4*** is directed exclusively to the Louisiana Department of Corrections. The promise by the Court and of each party thereof is unlawful on its face, and a violation of Due process of Law, U.S. Constitution Amendment V, also Rule 11 of the federal Rules of Court.

Petitioner's evidence clearly shows that **he was promised** "parole eligibility" as part of his plea agreement. In the year of 2000 the date of the Petitioner's sentence the Petitioner may have been parole eligible under ***La. R.S. 15:574.4   A (3),*** but according to the Louisiana Department of Corrections under the provisions of ***La. R.S. 15:574.4*** the Petitioner is not eligible for Parole consideration after serving twenty tears of his sentence based on the instant conviction.

---

[14] Blair vs. Stalder, 99-1860, p.8 n.7 (LA. App. 1st Cir. 1/31/01), 798 So.2d. 132, 138 n.7
[15] State vs. Mitchell, 7 So.3d. 744, 752, (LA. App. 5th Cir. 2009)

The Trial Court Judge intentionally and illegally structured the sentencing proceedings to fulfill this promise by rewording the statutes [R.S. 14:42.1 as noted below] to conform to the agreed term of years and in furtherance, sentencing the Petitioner under the law of **"Provisions of Probation 'La.C.Cr.P. Art. 895'** instead of the **Sentencing Guidelines of La.C.Cr.P. Art. 894.1."** With this evidence alone it shows the illegality of this Plea Bargain. On page 21 at line 32, and page 22 line 1 thru 7, the Court stipulates the sentence for forcible rape as:

**By the Court**:

First, the crime of forcible rape, violation of Revised Statute 14:42.1. At this time, the court sentences Mr. Suitt to serve 40 years at hard labor with the department of corrections; 20 years of which will be without benefit of parole, suspension of sentence, or probation. **(See Appendix "C" pg. 22, lines 1 – 7, Boykin Transcript)**

**By the Court (line 22 – 32 pg. 22)**

And also, Mr. Suitt will be, he is, his sentence is under the sexual offense crimes, which is set forth , in part, in Revised Statue 14:92 (a) (7), Contributing to the Delinquency of juveniles, to perform immoral acts. Also, he will be, this sentence is subject to criminal , Code of Criminal Procedure 895. And more specifically, Section H, which sets forth about perpetration of sex crimes.

It is clearly established in the Boykin Transcripts that the Petitioner was under a mistake of fact in believing that he would benefit by receiving eligibility of parole. See ***State v. Jones***[16], (Page 3) "If a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, the essence must be made known and the promise must be fulfilled.

---

[16] State vs. Jones, 398 So.2d. 1049 (LA. 1981)

Because of the conditions and the consequence, that make the Appellant ineligible for parole, and clarity of the Appellant's **justifiable belief** that he would receive the promised **PAROLE** eligibility that was conveyed to the Appellant by the District Attorney through his Defense Counsel, it led to a constitutionally infirm guilty-plea by the lack of the **specific performance** promised by the State. Citing ***Bishop*** "Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain:  (1) **specific performance** of the agreement, or (2) nullification or **withdrawal of the plea.**" ***State v. Bishop[17]***,. See also, "A Petitioner may demand **specific performance** of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right." ***State v. Givens[18]***,; also see, In interpreting a plea agreement and crafting an appropriate remedy for any breach, the Petitioner court's task is to secure the benefits promised the defendant by the government in exchange for surrendering his right to trial. See ***U.S. v. Heredia[19]***,.

The infringement on the Appellant's Constitutional Rights is irreparable and clearly violates the U.S. Constitution and the Constitution of the State of Louisiana and; it is well established that a Constitutional infringement may be raised at any time by the Court on its own motion or by the Petitioner provisions of *La.C.Cr.P. Art. 882* do apply.

## CONCLUSION

**WHEREFORE,** the Petitioner hereby provides that the Honorable Court committed trial procedure error in making a promise to the Appellant for Parole eligibility.  The Trial Court was without discretionary power to make a promise not only it could not uphold, but the fact it could not make for the determination of a parole eligibility, this authority is vested to the Louisiana

---

[17] State vs. Bishop, 96-694 (LA. App. 5th Cir. 12/30/96), 686 So.2d. 1053
[18] State vs. Givens, 99-3518 (La.1/18/01), 776 So.2d 443
[19] U.S. vs. Heredia, 768 F.3d. 1220 (C.A. 9 (Calif.) 2014)

Department of Corrections under *15:574.4*.  This determination comes from the mere fact that the Courts have held that a promise made to a Petitioner for the exchange of a plea is a constitutionally infirm guilty plea and can be withdrawn at any time and/or the promise made must be fulfilled.

**THEREFORE,** the Petitioner has brought forth this claim through the State and has exhausted all available remedies, but through the mere label of " Sex Offender" Petitioner is being denied Equal Protection of the Law for if one not labeled as a "Sex Offender" can receive the benefit, then the Petitioner should be afforded the right as another under our Constitution and the interest of justice served by this Honorable Court. For the Federal Question has been argued in this Petition, "A promise initiated by the Trial Court for a conviction and the promise cannot be fulfilled, is this a Constitutionally Infirm Plea?

Regardless of the offense, "Sex Offense" or not, one should be guaranteed the protection of our Constitutional rights.


### **PRAYER**

WHEREFORE Petitioner PRAYS that this foregoing Application for Supervisory Writ shall be granted and a reversal shall be issued herein to allow the Petitioner the opportunity to withdraw his guilty plea and/or the sentence of the Trial Court be amended to the conformity of the promise made by the Trial Court.

Respectfully submitted,

John Suitt #425228
Rayburn Correctional Center
27268 HWY 21
Angie, Louisiana 70426

11

**CERTIFICATE OF SERVICE**

I, John Suitt do hereby certify that the foregoing has been forwarded under the Prison Mail Box Rule, to the Clerk of Court, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, via U.S. Mail, postage pre paid on this 19th day of April 2016, Angie, Louisiana.

John Suitt