## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN SUITT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3887** |
| **W.S. McCAIN, WARDEN** | **SECTION: "S"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, John Suitt, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On March 27, 2000, he pleaded guilty to forcible rape under Louisiana law and was sentenced to serve a term of forty years imprisonment, with the first twenty years of that sentence to be served without benefit of probation, parole, or suspension of sentence. On that same date, he also pleaded guilty to aggravated oral sexual battery under Louisiana law and was sentenced on that conviction to serve a concurrent term of twenty years imprisonment without benefit of probation, parole, or suspension of sentence.[1]

---

[1] State Rec., Vol. 2 of 2, transcript of March 27, 2000; State Rec., Vol. 1 of 2, minute entries dated March 27, 2000.

On November 8, 2001, petitioner filed a motion to correct illegal sentence with the state district court.[2]  That motion was denied on November 19, 2001.[3]

On November 26, 2001, petitioner filed an application for post-conviction relief with the state district court.[4]  That application was denied on December 12, 2001,[5] and his related writ application was likewise denied by the Louisiana First Circuit Court of Appeal on September 9, 2002.[6]

On June 21, 2006, petitioner filed a motion to withdraw guilty plea with the state district court.[7]  That application was denied July 6, 2006.[8]  The Louisiana First Circuit Court of Appeal then denied his related writ application on October 18, 2006.[9]

On July 31, 2009, petitioner filed a "Petitioner [sic] for Declaration of Absolute Nullity of Judgment and Sentence" with the state district court.[10]  That petition was denied on August 13, 2009,[11] and his related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on December 7, 2009,[12] and by the Louisiana Supreme Court on February 4, 2011.[13]

---

[2] State Rec., Vol. 2 of 2.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications or accompanying documents as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.  While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is untimely by several years.
[3] State Rec., Vol. 2 of 2, Order dated November 19, 2001.
[4] State Rec., Vol. 2 of 2.
[5] State Rec., Vol. 2 of 2, Order dated December 12, 2001.
[6] State ex rel. Suitt v. State, No. 2002 KW 0092 (La. App. 1st Cir. Sept. 9, 2002); State Rec., Vol. 1 of 2.
[7] State Rec., Vol. 2 of 2.
[8] State Rec., Vol. 2 of 2, Order dated July 6, 2006.
[9] State v. Suitt, No. 2006 KW 1615 (La. App. 1st Cir. Oct. 18, 2006); State Rec., Vol. 2 of 2.
[10] State Rec., Vol. 2 of 2.
[11] State Rec., Vol. 2 of 2, Order and Reasons dated August 13, 2009.
[12] State v. Suitt, No. 2009 KW 1850 (La. App. 1st Cir. Dec. 7, 2009); State Rec., Vol. 2 of 2.
[13] State ex rel. Suitt v. State, 56 So.3d 985 (La. 2011); State Rec., Vol. 2 of 2.

On April 22, 2014, petitioner filed with the state district court a motion to enforce his plea agreement.[14]  His motion was denied on April 23, 2014.[15]  His related writ applications were then also denied by the Louisiana First Circuit Court of Appeal on August 12, 2014,[16] and by the Louisiana Supreme Court on June 1, 2015.[17]

On April 19, 2016, petitioner filed the instant federal application.[18]  The state filed a response arguing that the application should be dismissed as untimely,[19] and petitioner filed a reply to that response.[20]

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") included a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provided:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[14] State Rec., Vol. 1 of 2.

[15] State Rec., Vol. 1 of 2, Order dated April 23, 2014.

[16] State v. Suitt, No. 2014 KW 0833 (La. App. 1st Cir. Aug. 12, 2014); State Rec., Vol. 1 of 2.

[17] State ex rel. Suitt v. State, 171 So.3d 269 (La. 2015); State Rec., Vol. 1 of 2.

[18] Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner has declared under penalty of perjury that he placed his federal application in the prison mailing system on April 19, 2016.  Doc. 1, p. 11.

[19] Rec. Doc. 13.

[20] Rec. Doc. 14.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## **28 U.S.C. § 2244(d)(1)(A)**

The state first argues that petitioner's federal application is clearly untimely under Subsection A. As noted, that subsection requires that a petitioner bring his § 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on March 27, 2000.  Because he did not file a direct appeal within the five days allowed by state law, his state criminal judgments thereafter became final for AEDPA purposes no later than April 3, 2000.[21]  Accordingly, under Subsection A, his period in which to file his federal application for habeas corpus relief commenced on that date and expired one year later on April 3, 2001, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, petitioner had no such applications pending before the state courts during the applicable one-year period.  Therefore, he clearly is not entitled to statutory tolling.

The Court must next consider equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner

---

[21] At the time of petitioner's convictions and sentences in 2000, La. C. Cr. P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence.  In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays.  La. Rev. Stat. Ann. § 1:55(A).  In 2000, April 1 was a Saturday and April 2 was a Sunday; therefore, the Court will not count those two days against petitioner when calculating the date his conviction became final.

bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held:  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note:  "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Here, petitioner does not invoke McQuiggin and, in any event, he has not made a colorable showing that he is actually innocent in light of new evidence.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than April 3, 2001, in order to be timely under 28 U.S.C. § 2244(d)(1)(A).  His federal application was not filed until April 19, 2016, and, therefore, it is untimely under that subsection.

## 28 U.S.C. § 2244(d)(1)(D)

The state further argues that petitioner's application is untimely even if Subsection D applies in his case.  As noted, under that subsection, the AEDPA's one year limitations period

commences not from the date of finality but instead from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  In the instant federal application, petitioner's claim alleges that he entered his guilty pleas based on assurances that he would be eligible for parole after serving twenty years.  He further alleges that he thereafter learned that he would not in fact be eligible for parole as he expected, and he claims that his pleas were therefore invalid.

The problem, however, is that petitioner obviously discovered the factual predicate of this claim no later than June 21, 2006, in that he asserted this same claim in his "Motion to Withdraw Guilty Plea" in the state district court on that date.[22]  Therefore, even if the Court assumes that the factual predicate of the claim could not have been discovered through the exercise of due diligence prior to that date, petitioner's one-year federal limitations would have commenced no later than June 21, 2006, even under Subsection D.

In this scenario, no days of the period would have elapsed initially because the limitations period would have been tolled pursuant to 28 U.S.C. § 2244(d)(2) as of the date of the motion's filing on June 21, 2006.  Tolling would then have continued uninterrupted for the duration of the post-conviction proceedings, so long as petitioner sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).

Here, although petitioner's motion was denied by the state district court, he sought review by the Louisiana First Circuit Court of Appeal, and the state does not contest the timeliness of that filing.  However, as the state correctly notes, petitioner did not seek further review after the Court of Appeal then denied relief on October 18, 2006.  Therefore, at the latest, tolling ceased on

---

[22] State Rec., Vol. 2 of 2.

November 17, 2006, when his time expired for seeking such review.[23]  Accordingly, petitioner would then have had only until November 19, 2007,[24] to either again toll the limitations period or to file his federal application.

Clearly, petitioner would not be entitled to further statutory tolling, in that he filed no other state applications on or before November 19, 2007.  Further, as already explained herein, he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies.  Accordingly, even under Subsection D, petitioner's federal limitations period would have expired no later than November 19, 2007.  Therefore, even under this scenario, petitioner's federal application would have been many years too late when it was filed on April 19, 2016.

### 28 U.S.C. § 2244(d)(1)(B) and (C)

Lastly, out of an abundance of caution, the Court notes that the remaining two subsections of 28 U.S.C. § 2244(d)(1) do not apply in this case.

Obviously, Subsection B does not apply because petitioner does not allege, much less establish, that a state-created impediment prevented him from seeking federal relief in a timely manner.

Further, Subsection C does not apply because petitioner's claim is not based on a constitutional right that was newly recognized and made retroactively applicable by the United

---

[23] A state application ceases to be pending for tolling purposes when the time for seeking supervisory review expires. See Grillette, 372 F.3d at 769-71.  Under state law, a litigant has only thirty days to seek review of a decision of a Louisiana Court of Appeal.  Louisiana Supreme Court Rule X, § 5(a).

[24] Because the November 17, 2007, fell on a Saturday, petitioner's deadline was extended through the following Monday, November 19, 2007.   See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

States Supreme Court.   It is true that petitioner seems to argue otherwise, citing to <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).  However, courts throughout this Circuit have repeatedly held that neither <u>Lafler</u> nor <u>Frye</u> triggered Subsection C because neither of those decisions announced a new rule of constitutional law; rather, <u>Lafler</u> and <u>Frye</u> merely applied the Sixth Amendment right to counsel to a specific factual context.[25]  <u>Stewart v. Stephens</u>, Civ. Action No. 7:13-CV-013-O, 2015 WL 6522828, at *2 (N.D. Tex. Oct. 26, 2015); <u>Alvarado v. Stephens</u>, Civ. Action No. H-14-2587, 2015 WL 3775416, at *3 (S.D. Tex. June 16, 2015); <u>Etheridge v. Morgan</u>, Civ. Action No. 3:15-cv-0486, 2015 WL 4041707, at *5 (W.D. La. May 11, 2015), <u>adopted</u>, 2015 WL 4042152 (W.D. La. July 1, 2015); <u>Brown v. Director, TDCJ-CID</u>, Civ. Action No. 9:13-CV-50, 2014 WL 892170, at *3 (E.D. Tex. Mar. 3, 2014); <u>Johnson v. Rader</u>, Civ. Action Nos. 13-2996 and 13-3677, 2014 WL 198165, at *5 (E.D. La. Jan. 14, 2014).

## <u>Conclusion</u>

Accordingly, it is clear that neither Subsection B or C of 28 U.S.C. § 2244(d)(1) applies, and it is further clear that petitioner's federal application would be untimely under both Subsections A and D.  Therefore, petitioner's federal application should be dismissed with prejudice as untimely filed.

---

[25] In <u>Lafler</u>, the United States Supreme Court held that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.  If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence."  132 S. Ct. at 1387.  In <u>Frye</u>, the Supreme Court held "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S. Ct. at 1408.  Together, these cases extended a criminal defendant's Sixth Amendment right to counsel to the plea negotiation stage, holding that such claims are to be analyzed under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

## RECOMMENDATION

It is **RECOMMENDED** that the federal habeas corpus application filed by John Suitt be

**DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n,

79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[26]

New Orleans, Louisiana, this sixth day of September, 2016.


_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.